IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| TARGIN SIGN SYSTEMS, INC., AN Illinois corporation, individually, and as the Representative of a class of similarly-situated persons, | ) ) ) ) ) | **07CV6429** **JUDGE MORAN** **MAG.JUDGE ASHMAN** |
| Plaintiff | ) ) | |
| v. | ) ) | **FILED** |
| MIDWEST ENERGY, INC. | ) ) | NOV 1 3 2007 |
| Defendant | ) ) | 11-13-07 **MICHAEL W. DOBBINS** **CLERK, U.S. DISTRICT COURT** |

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1441 and 1446, defendant, Midwest Energy, Inc., by its attorneys,

requests that Case No. 07CH29182, pending in the Circuit Court of Cook County, Illinois, be

removed to the United States District Court for the Northern District of Illinois, Eastern

Division. In support of this petition, defendant states as follows:

1. Plaintiff, Targin Sign Systems, Inc., filed a Complaint and Motion for Class

Certification on October 11, 2007 against Midwest Energy, Inc. in the Circuit Court of Cook

County, Illinois, Case No. 07CH29182. A true copy of the Summons,

Complaint and Motion for Class Certification is attached to this Notice as Exhibit A.

2. On or about October 18, 2007, defendant was served with the Summons and

Complaint via its agent. This Notice of Removal thus is filed within 30 days of Defendant's

receipt of the Summons and Complaint.

3. No further proceedings have occurred in the Circuit Court.

4. The Complaint alleges violations of the Telephone Consumer Protection Act, 47

U.S.C. §227, ("TCPA"), common-law conversion and the consumer protection statutes

forbidding and compensating unfair business practices. Ex. A, Class Action Complaint, ¶ 2, 4.

All claims are based on Plaintiff's allegations that Defendant allegedly sent unsolicited faxes to

Plaintiff. According to the Complaint, Plaintiff seeks relief on behalf of a nationwide class,

including treble damages under 47 U.S.C. §227, and fines under 720 ILCS 5/26-3(b), attorneys'

fees and costs, and injunctive relief.

   5. Removal of this action is proper under 28 U.S.C. §1441(a). According to the

Complaint, plaintiff is an Illinois corporation, Ex. A, Class Action Compl. ¶ 9, and Defendant,

Midwest Energy, Inc. is an Illinois corporation, *Id.* ¶ 10.

   6. This Court has original jurisdiction of this action under 28 U.S.C. § 1331, as Plaintiff's

primary claim arises under the TCPA, 47 U.S.C. § 227, a "law of the United States." See *Brill v.*

*Countrywide Home Loans, Inc.* 427 F.3d 446, 450 (7th Cir. 2005) (holding that § 227 "does not

expressly override a defendant's removal rights under …§ 1441 (because a claim that a business

violated the Telephone Consumer Protection Act arises under federal law(").

   7. This Court also has supplemental jurisdiction over Plaintiff's common-law conversion

claim and its claim under the consumer protection statutes forbidding and compensating unfair

business practices, as these claims arise out of the same set of facts and are so related to the

federal claims that they form part of the same case or controversy under Article III of the United

States Constitution. Removal of this case is proper under 28 U.S.C. § 1441(b) and (c).

   8. Copies of this Notice of Removal are being served on Plaintiff and filed with the

Circuit Court of Cook County. A copy of the Notice of Removal to be filed with the Circuit

Court is attached as Exhibit B.

   WHEREFORE, Defendant Midwest Energy, Inc. requests that the matter styled *Targin*

*Sign Systems, Inc. v. Midwest Energy, Inc.* No. 07CH29182, be removed from the Circuit Court

of Cook County to this Court.

Dated: November 13, 2007

MIDWEST ENERGY, INC.
Defendant

By_____
One of its Attorneys

Anthony C. Valiulis
Melinda J. Morales
Much Shelist Denenberg Ament & Rubenstein, P.C.
191 N. Wacker Drive, Suite 1800
Chicago, IL  60606
T: 312-521-2434
F: 312-521-2100

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

TARGIN SIGN SYSTEMS, INC., an )
Illinois corporation, individually and as the )
representative of a class of similarly-situated )
persons, )
    )
    )
    Plaintiff, )
    )
    v. )
    )
MIDWEST ENERGY, INC., )
    )
    )
    Defendant. )

**07CH29182**

### CLASS ACTION COMPLAINT

Plaintiff, TARGIN SIGN SYSTEMS, INC. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, MIDWEST ENERGY, INC. ("Defendant"):

### PRELIMINARY STATEMENT

1.    This case challenges Defendant's practice of faxing unsolicited advertisements.

2.    The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.    Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy.

EXHIBIT A

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.      Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7.      Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because Defendant does business in Cook County, Illinois.

8.      Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.      Plaintiff is an Illinois corporation.

10.     On information and belief, Defendant, MIDWEST ENERGY, INC., is an Illinois corporation.

## FACTS

11.     On or about September 11, 2007, Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

12.     Plaintiff had not invited or given permission to Defendant to send fax advertisements.

13.     On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

17.     A class action is warranted because:

(a)     On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)     Whether Defendant sent unsolicited fax advertisements;

3

      (ii)     Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

      (iii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

      (iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

      (v)     Whether Defendant violated the provisions of 47 USC § 227;

      (vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

      (vii)   Whether Defendant should be enjoined from faxing advertisements in the future; and

      (viii)  Whether the Court should award trebled damages.

18.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

4

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."  47 U.S.C. § 227(a)(4).

22.    The TCPA provides:

>    3.    <u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>>    (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
>>    (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
>>    (C)    Both such actions.

23.    The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

24.    Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25.    The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26.    Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services.

27.    Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the

printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28. Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, TARGIN SIGN SYSTEMS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, MIDWEST ENERGY, INC., as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00 in damages for each violation of the TCPA;

C. That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D. That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

29. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

31.    A class action is proper in that:

(a)    On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)    Whether Defendant committed the tort of conversion.

32.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

33.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.    By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

35.    Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.    By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

37.    Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.    Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

39.    Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

8

40.    Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result.  Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose.  Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, TARGIN SIGN SYSTEMS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, MIDWEST ENERGY, INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

41.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

43. A class action is proper in that:

(a) On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i) Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii) Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv) Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v) Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

44. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and

claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.     Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

47.     Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48.     Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49.     Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

11

WHEREFORE, Plaintiff, TARGIN SIGN SYSTEMS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, MIDWEST ENERGY, INC., as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award damages to Plaintiff and the other class members;

C.     That the Court award attorney fees and costs;

D.     That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

E.     Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

TARGIN SIGN SYSTEMS, INC., individually and as the representative of a class of similarly-situated persons

By:  _____
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847/368-1500
Attorney No. 51306

Phillip A. Bock
DIAB & BOCK, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL  60602
Telephone:  312/578-0767
Attorney No. 42073

12

**EXHIBIT A**



# Midwest Energy Inc.
## Energy Supply & Management
485 S. Frontage Road, Suite 303
Burr Ridge, IL. 60527

FACSIMILE COVER PAGE

| To: Finance / General Manager | From: Mike Lind |
|---|---|
| Fax #: +1 (630) 766-7798 | Fax #: 815-838-0544 |
| Company: Targin Sign Systems Inc. | Tel #: 815-838-2661 |
| Pages: 2 (including cover) | |

WinFax PRO Cover Page



Natural Gas    ♦    Electricity
Supply and Management

- **Are you receiving professional service and highly competitive pricing for your electricity costs?**
- **Are you receiving value-added purchasing strategies in today's volatile natural gas market?**

## Midwest Energy Will Lower Your Electricity And Natural Gas Costs

### Why Midwest Energy?

- Midwest Energy's personnel are energy specialists having experience in natural gas and electricity deregulation since its inception in the state of Illinois. We provide superior industry expertise and resources.
- Midwest Energy will provide HIGHLY COMPETITIVE PRICING. Our suppliers are Fortune 500 corporations that have a proven track record of uninterrupted supply, excellent customer service, and integrity. We work directly with suppliers like Peoples Energy Services, CenterPoint Energy and MidAmerican Energy.
- Our clients include Large Fortune 500 Corporations, Industrial and Manufacturing Facilities, Hospitals, Education, and Government.

For a **Free Analysis**, fill in your information below and fax to (815) 838-0544:

☑ Please call me regarding my energy needs.

Business Name: _____

Address: _____

Contact Name: _____  City: _____

Phone Number: _____  Title: _____

OR **Call Mike Lind at (815) 838-2661**

```
2120 - Served
2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication
SUMMONS
```
```
2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication
ALIAS - SUMMONS
```
CCG N001-10M-1-07-05 (

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY _____ DIVISION

(Name all parties)

TARGIN SIGN SYSTEMS, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons,

v.

MIDWEST ENERGY, INC.

07CH28182

No. _____

Please serve:
Kenneth J. Nemec, Registered Agent
835 McClintock Drive, 2nd Floor
Burr Ridge, IL 60527

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 , Chicago, Illinois 60602

❑ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

❑ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

❑ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

❑ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

❑ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

❑ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 51306

Name: Brian J. Wanca

Atty. for: Plaintiff

Address: 3701 Algonquin Rd., Suite 760

City/State/Zip: Rolling Meadows, IL 60010

Telephone: (847) 368-1500

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____

DOROTHY BROWN OCT 11 2007
Clerk of Court

Date of service: October 15, 2007
(To be inserted by officer on copy left with defendant or other person)

(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

```
2120 - Served                  2120 - Served
2220 - Not Served              2221 - Not Served
2320 - Served By Mail          2321 - Served By Mail
2420 - Served By Publication   2421 - Served By Publication
SUMMONS                        ALIAS - SUMMONS
```

CCG N001-10M-1-07-05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY _____ DIVISION

(Name all parties)

TARGIN SIGN SYSTEMS, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons,

v.

MIDWEST ENERGY, INC.

07CH29132

No. _____

Please serve:
Kenneth J. Nemec, Registered Agent
835 McClintock Drive, 2nd Floor
Burr Ridge, IL 60527

**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 51306

Name: Brian J. Wanca

Atty. for: Plaintiff

Address: 3701 Algonquin Rd., Suite 760

City/State/Zip: Rolling Meadows, IL 60010

Telephone: (847) 368-1500

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

**DOROTHY BROWN** OCT 1 1 2007

Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)    (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

TARGIN SIGN SYSTEMS, INC., an )
Illinois corporation, individually and as the )
representative of a class of similarly-situated )
persons, )
)
                    Plaintiff, )
)        **07CH29182**
       v. )
)
MIDWEST ENERGY, INC. )
)
                 Defendant. )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, TARGIN SIGN SYSTEMS, INC., by its attorneys, Anderson + Wanca and

Diab & Bock, LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to

certify for class action treatment the following classes, as described in Plaintiff's Class Action

Complaint:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant did not have prior express permission or invitation for
> the sending of such faxes, and (4) with whom Defendant did not
> have an established business relationship.

> All persons who (1) on or after five years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant did not have of prior express permission or invitation
> for the sending of such faxes, and (4) with whom Defendant did
> not have an established business relationship.

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom

Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, TARGIN SIGN SYSTEMS, INC., prays that this court enter an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

TARGIN SIGN SYSTEMS, INC., individually and as the representative for a class of similarly-situated persons

By: _____
One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Attorney No. 51306

Phillip A. Bock
DIAB & BOCK, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/578-0767
Attorney No. 42073

2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| TARGIN SIGN SYSTEMS, INC., an Illinois corporation, individually, and as the representative of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff | ) ) ) |
| v. | ) )    No. 07 CH 29182 |
| MIDWEST ENERGY, INC. | ) ) ) |
| Defendant | ) ) |

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:   Clerk of the Circuit Court
       Chancery Division
       Daley Center
       50 W. Washington Street
       Chicago, Illinois 60602

Brian J. Wanca                Phillip A. Bock
Anderson + Wanca           Diab & Block, Suite 1000
3701 Algonquin Road, Suite 760     134 N. LaSalle Street, Suite 1000
Rolling Meadows, IL 60008          Chicago, IL 60602

PLEASE TAKE NOTICE that, under 28 U.S.C. § 1446 (d), Defendant MIDWEST ENERGY, INC. gives notice to the Circuit Court of Cook County, Illinois and to Brian J. Wanca and Phillip A. Bock, counsel for Plaintiff, Targin Sign Systems, Inc., that Defendant has filed a Notice of Removal, removing the above-captioned action to the United States District Court for the Northern District of Illinois, Eastern Division. A copy of the Notice of Removal is attached to this Notice. Under the provisions of 28 U.S.C. § 1446 (d), this Court "shall proceed no further unless and until the case is remanded."

Exhibit B

Dated: November 13 2007

MIDWEST ENERGY, INC.
Defendant

By _____
One of its Attorneys

Anthony J. Valiulis
Melinda J. Morales
Much Shelist
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
T: 312-521-2434
F: 312-521-2100