## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **TARGIN SIGN SYSTEMS, INC., an** | ) | |
| **Illinois corporation, individually and as** | ) | |
| **the Representative of a class of similarly-** | ) | |
| **situated persons,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.  07C 6429** |
| | ) | |
| **MIDWEST ENERGY, INC.,** | ) | **Judge Moran** |
| | ) | **Magistrate Judge Ashman** |
| **Defendant.** | ) | |

## ANSWER TO CLASS ACTION COMPLAINT

Defendant, MIDWEST ENERGY, INC. ("Midwest Energy"), responds as follows to the

allegations in Plaintiff's Class Action Complaint:

1.      This case challenges Defendant's practice of faxing unsolicited advertisements.

**ANSWER:**     Midwest Energy states that paragraph 1 of the Complaint generally

describes the allegations of the Complaint but denies that all of such allegations are true.

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a
person or entity from faxing or having an agent fax advertisements without the recipient's prior
express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a
private right of action and provides statutory damages of $500 per violation.

**ANSWER:**     Midwest Energy admits that paragraph 2 of the Complaint generally

describes certain provisions of the TCPA.  Midwest Energy denies that Plaintiff has sustained

any injury or is entitled to any relief from Midwest Energy.

3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its
fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that
would have been spent. on something else. A junk fax interrupts the recipient's privacy.
Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for
authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and
require additional labor to attempt to discern the source and purpose of the unsolicited message.

**ANSWER:**    Midwest Energy lacks knowledge or information sufficient to form a belief as to the truth of paragraph 3.

4.    On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

**ANSWER:**    Midwest Energy admits Plaintiff purports to bring this case as a class action.  Midwest Energy denies that Plaintiff is entitled to proceed as a class or that it has sustained any injury or is entitled to any relief.

5.    Plaintiff seeks an award of statutory damages for each violation of the TCPA.

**ANSWER:**    Midwest Energy admits Plaintiff is seeking an award of statutory damages but denies that Plaintiff has sustained any injury or is entitled to any relief.

## JURISDICTION AND VENUE

6.    Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

**ANSWER:**    Midwest Energy admits that it has transacted business but denies that it violated state and federal law related to the matters alleged in the complaint.  Midwest Energy denies the remainder of paragraph 6.

7.    Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because Defendant does business in Cook County, Illinois.

**ANSWER:**    Midwest Energy admits that venue is proper because it does business in Cook County.

8.    Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

**ANSWER:**     Midwest Energy denies that there is no federal jurisdiction and states further that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367. Midwest Energy admits that Plaintiff has disclaimed individual relief in excess of $75,000.

### PARTIES

9.     Plaintiff is an Illinois corporation.

**ANSWER:**     Midwest Energy lacks knowledge or information sufficient to form a belief as to the truth of paragraph 9.

10.     On information and belief, Defendant, MIDWEST ENERGY, INC., is an Illinois corporation.

**ANSWER:**     Midwest Energy admits that it is an Illinois corporation.

### FACTS

11.     On or about September 11, 2007, Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

**ANSWER:**     Midwest Energy admits Paragraph 11.

12.     Plaintiff had not invited or given permission to Defendant to send fax advertisements.

**ANSWER:**     Midwest Energy denies paragraph 12.

13.     On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

**ANSWER:**     Midwest Energy denies paragraph 13.

14.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**ANSWER:**     Midwest Energy lacks knowledge or information sufficient to form a belief as to paragraph 14 but denies that it has sent unauthorized faxes.

## COUNT I

### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein

**ANSWER:**    Midwest Energy restates its answers to the preceding paragraphs as its

answer to Paragraph 15.

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the
Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of
persons:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant did not have prior express permission or invitation for
> the sending of such faxes, and (4) with whom Defendant did not
> have an established business relationship.

**ANSWER:**    Midwest Energy admits that Plaintiff purports to bring this action on

behalf of the stated class but denies that it has the right to do so.

17.    A class action is warranted because:

(a)    On information and belief, the class includes forty or more persons and is
so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over
questions affecting only individual class members, including without
limitation:

(i)    Whether Defendant sent unsolicited fax advertisements;

(ii)    Whether Defendant's facsimiles advertised the commercial
availability of property, goods, or services;

(iii)    The manner and method Defendant used to compile or obtain the
list of fax numbers to which it sent Exhibit A and other unsolicited
faxed advertisements;

(iv)    Whether Defendant faxed advertisements without first obtaining
the recipients' express permission or invitation;

(v)     Whether Defendant violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)   Whether Defendant should be enjoined from faxing advertisements in the future; and

(viii)  Whether the Court should award trebled damages.

**ANSWER:**     Midwest Energy denies paragraph 17.

18.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiffs counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

**ANSWER:**     Midwest Energy lacks knowledge or information sufficient to form a

belief as paragraph 18.

19. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:**     Midwest Energy denies paragraph 19.

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ...." 47 U.S.C. § 227(b)(1).

**ANSWER:**     Midwest Energy admits that paragraph 20 quotes a portion of 47 U.S.C. §

227(b)(1), but denies that it quotes all of 47 U.S.C. § 227(b)(1) or its exceptions.

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

**ANSWER:**     Midwest Energy admits that paragraph 21 quotes a portion of the TCPA,

but denies that the portion quoted is 47 U.S.C. § 227 (a)(4).

22.    The TCPA provides:

3.    <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)    Both such actions.

**ANSWER:**    Midwest Energy admits that paragraph 22 quotes a portion of the TCPA.

23.    The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

**ANSWER:**    Midwest Energy admits that the court can increase the amount of an award for willful and knowing violations but denies that Midwest Energy committed any such violations.

24.    Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising. faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

**ANSWER:**    Midwest Energy denies paragraph 24.

25.    The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

**ANSWER:**    As written Midwest Energy can neither admit nor deny Paragraph 25 because it is not clear what "actions" are being referenced.  If Plaintiff is referring to Midwest Energy's fax transmissions, then it denies Paragraph 25 because the facsimiles were transmitted to a person with that person's prior express invitation or permission and/or transmitted to a person with whom Midwest Energy had an established business relationship.

26.     Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services.

**ANSWER:**     Midwest Energy denies paragraph 26.

27.     Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff s and the other class members' privacy interests in being left alone.

**ANSWER:**     Midwest Energy denies paragraph 27.

28.     Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

**ANSWER:**     Midwest Energy denies that the evidence will show that Midwest Energy

committed any violations or that Plaintiff is entitled to treble or any damages.

## COUNT II

### CONVERSION

29.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein

**ANSWER:**     Midwest Energy restates its answers to the preceding paragraphs as its answer to

Paragraph 29.

30.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count Il for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

**ANSWER:**    Midwest Energy admits that Plaintiff purports to bring this action on behalf of the stated class but denies that it has the right to do so.

31.    A class action is proper in that:

(a)    On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)    Whether Defendant committed the tort of conversion.

**ANSWER:**    Midwest Energy denies paragraph 31.

32.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiffs counsel have any interests adverse or in conflict with the class.

**ANSWER:**    Midwest Energy lacks knowledge or information sufficient to form a belief as to paragraph 32.

33.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:**    Midwest Energy denies paragraph 33.

34.    By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

**ANSWER:**    Midwest Energy denies paragraph 34.

35. Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

**ANSWER:** Midwest Energy lacks knowledge or information sufficient to form a

belief as to the truth of paragraph 35.

36. By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

**ANSWER:** Midwest Energy denies paragraph 36.

37. Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

**ANSWER:** Midwest Energy denies paragraph 37.

38. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

**ANSWER:** Midwest Energy denies paragraph 38.

39. Each of Defendant's unsolicited fax advertisements effectively stole Plaintiffs employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

**ANSWER:** Midwest Energy denies paragraph 39.

40. Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff s fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff s business activities.

**ANSWER:** Midwest Energy denies paragraph 40.

## COUNT III

### ILLINOIS CONSUMER FRAUD AND DECEPTIVE
### BUSINESS PRACTICES ACT 815 ILCS 505/2

41.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**ANSWER:**     Midwest Energy restates its answers to the preceding paragraphs as its

answer to Paragraph 41.

42.     In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class
of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful
fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to
> the filing of this action, (2) were sent telephone facsimile messages
> of material advertising the commercial availability of any property,
> goods, or services by or on behalf of Defendant, (3) with respect to
> whom Defendant did not have prior express permission or invitation
> for the sending of such faxes, and (4) with whom Defendant did not
> have an established business relationship.

**ANSWER:**     Midwest Energy admits that Plaintiff purports to bring this action on

behalf of the stated class but denies that it has the right to do so.

43.     A class action is proper in that:

(a)     On information and belief the class consists of thousands of persons in
Illinois and throughout the United States and is so numerous that joinder
of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over
all questions affecting only individual class members including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax
advertisements;

(ii)     The manner and method Defendant used to compile or obtain the
list of fax numbers to which it sent Exhibit A and other unsolicited
faxed advertisements;

(iii)     Whether Defendant's practice of sending unsolicited faxed
advertisements violates Illinois public policy;

       (iv)     Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

       (v)     Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

**ANSWER:**     Midwest Energy denies paragraph 43.

44.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff s counsel have any interests adverse or in conflict with the class.

**ANSWER:**     Midwest Energy lacks knowledge or information sufficient to form a

belief as to paragraph 44.

45.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:**     Midwest Energy denies paragraph 45.

46.     Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

**ANSWER:**     Midwest Energy denies paragraph 46.

47.     Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

**ANSWER:**     Midwest Energy denies paragraph 47.

48.     Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

**ANSWER:**     Midwest Energy denies paragraph 48.

49.     Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff s fax machine from being used for Plaintiff s business purposes during the time Defendant was using Plaintiffs fax machine

for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

**ANSWER:**    Midwest Energy denies paragraph 49.

### ADDITIONAL DEFENSES

1.    Count I is barred because the facsimile was transmitted to a person with that person's prior express invitation or permission.

2.    Count I is barred because the facsimile was transmitted to a person with whom Midwest Energy had an established business relationship.

3.    Count I is barred because the Telephone Consumer Protection Act of 1991, codified at 47 U.S.C. § 227, is unconstitutionally vague and unnecessarily impinges on freedom of speech rights granted by the First Amendment to the United States Constitution.

4.    Count I is barred because the Telephone Consumer Protection Act of 1991, codified at 47 U.S.C. § 227, is unconstitutional because it violates Due Process Rights under the Fifth and Fourteenth Amendments to the United States Constitution.

5.    Count I is barred because the Telephone Consumer Protection Act of 1991, codified at 47 U.S.C. § 227, is unconstitutional because it imposes excessive fines in violation of the Eight Amendment to the United States Constitution.

6.    Counts I-III are barred to the extent they relate to faxes sent outside the applicable statutes of limitations.

7.    Counts II and III fail to state a claim on which any relief can be granted.

8.    Count II is barred because neither Plaintiff nor any class member was deprived of any specific chattel.

9.    Count II is barred because Midwest Energy did not wrongfully assume control, dominion or ownership of any of property.

10.    Count II is barred because neither Plaintiff nor any putative class member made a demand on Midwest Energy for the allegedly converted property before bringing suit.

11.    Count III is barred because it is subsumed within Count I, the Telephone Consumer Protection Act claim.

12.    Count III is barred because no damages have been proximately caused to Plaintiff or class members by any conduct on the part of Midwest Energy.

13.    Count III is barred because the transmission of a one-page fax by Midwest Energy to Plaintiff or any class member was not "unfair" for purposes of a consumer fraud claim.

14.    Count III is barred to the extent Plaintiff seeks to apply the Illinois Consumer Fraud Act extraterritorially to transactions occurring outside the State of Illinois.

15.    The claims are barred by the doctrine of unclean hands.

WHEREFORE, Midwest Energy prays that Plaintiff's action be dismissed with prejudice and that it be granted its costs of suit.

Respectfully submitted,

**MIDWEST ENERGY, INC.**

**By:** ___/s/ Melinda J. Morales____
                    **One of its Attorneys**

Anthony C. Valiulis (#02883007)
Melinda J. Morales (#06244692)
Andrea E. Forsyth (#6286179)
**Much Shelist Denenberg**
  **Ament & Rubenstein, P.C.**
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 521-2000

## <u>CERTIFICATE OF SERVICE</u>

I, Melinda J. Morales, an attorney, certify that on January 21, 2008, I electronically filed

the **Answer to Class Action Complaint** with the Clerk of the Court using the CM/ECF system,

which will send notification of such filings to the following:

Brian J. Wanca                          Phillip A. Bock
ANDERSON + WANCA                        DIAB & BLOCK
3701 Algonquin Road, Suite 760          134 N. LaSalle Street, Suite 1000
Rolling Meadows, IL  60008              Chicago, IL 60602


                                   /s/ Melinda J. Morales