

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARGIN SIGN SYSTEMS, INC., an Illinois corporation, individually and as the Representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>MIDWEST ENERGY, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 07C 6429<br>)<br>) Judge Moran<br>) Magistrate Judge Ashman<br>) |

## AGREED PROTECTIVE ORDER

This matter comes before the Court on the unopposed motion of Defendant Midwest Energy, Inc., ("Midwest Energy") for entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Being fully advised in the premises,

**IT IS HEREBY ORDERED THAT:**

1.  This Protective Order is entered pursuant to Federal Rule of Civil Procedure 26(c) and shall apply to all discovery in this action, including but not limited to documents produced pursuant to Rule 34 ("Discovery Material").

2.  Any party may designate Discovery Material as "CONFIDENTIAL" if that party in good faith believes that such material contains confidential, non-public, security-sensitive business or financial information, including by way of example, materials relating to customer lists, tax returns, financial information, and social security numbers (hereinafter "Confidential Material").

3. Confidential Material shall be used solely in connection with this litigation and shall not otherwise be used by any party in furtherance of any business, personal, or other activity.

4. Discovery Material may be designated as Confidential Material by stamping "CONFIDENTIAL" on each page of the document(s). Information conveyed or discussed in testimony at a deposition or court hearing shall be subject to this Order provided the testimony is designated as "confidential" orally on the record or in writing either at the time the testimony is given or within 30 days after receipt by the parties of the transcript containing the confidential information. If no designation is made at the time of a deposition, such deposition shall be treated as Confidential Material from the taking of the deposition until 30 days after receipt by the parties of the transcript.

5. To the extent any party has made available for inspection or copying Discovery Material that has not been designated as Confidential Material, the parties may designate such material as confidential pursuant to this Order prior to reproduction and delivery to the other party. To the extent that any party has, prior to entry of this Order, produced documents without designation, that party may within a reasonable time hereinafter make such designation by producing new copies of all such previously-produced material that reflect the "CONFIDENTIAL" designation.

6. Confidential Material, and all copies, extracts, abstracts, charts, summaries, and notes made from material designated as Confidential Material, shall not be disclosed, used by, copied by, or made available to anyone other than the following:

 (a) The parties;

 (b) Attorneys for the parties, their employees, and contractors providing services to such attorneys, who are directly and necessarily involved in this action;

      (c)      The Court and its staff;

      (d)      Court reporters and/or videographers and their necessary support personnel providing services in connection with this action;

      (e)      Witnesses, whether party or non-party witnesses, if disclosure is reasonably necessary for the preparation for deposition or other testimony in this action;

      (f)      Testifying or consulting experts and their employees; and

      (g)      Any other person designated by written agreement between the parties or by order of the Court after reasonable notice to all parties.

7.      With the exception of the individuals listed within categories (a)-(d) of paragraph 6 above, no person may be shown or given access to Confidential Material unless and until that person indicates, by signing the **ACKNOWLEDGMENT OF PROTECTIVE ORDER** below, that they will abide by the terms of this Order.

8.      Any filing that contains Confidential Material shall be marked "CONTAINS CONFIDENTIAL MATERIAL, SUBJECT TO PROTECTIVE ORDER" and filed under seal in an envelope, endorsed with the case caption, and a statement in essentially the following form:

> This envelope contains documents subject to a Protective Order, filed in this action by [name of party] generally described as [title or description of document] and is not to be opened except for review by Court personnel. The contents hereof are not to be disclosed to any person except by Order of the Court.

9.      Inadvertent production of privileged attorney-client communications or attorney work product (despite the parties' best efforts to pre-screen such material prior to its production) shall not be deemed a waiver of any attorney-client privilege or attorney work-product immunity

3

that may apply thereto if a request for return of such documents or information is made promptly after a party learns of its inadvertent production. Upon written request, the party receiving the inadvertently produced material shall promptly return the material. If a party contends that the material or information is not privileged or that a privilege has been waived, the party shall not withhold return of the inadvertently-produced material pending the Court's resolution of that dispute. Notwithstanding the above, it is not the intent of this paragraph to either extend or diminish the scope of any attorney-client privilege or work-product immunity that may apply to the inadvertently produced material.

10. Nothing herein shall affect or restrict the right of a party producing any Confidential Material to use or disclose that material as that party deems appropriate.

11. The designation of Discovery Material as Confidential Material pursuant to this Order is intended to facilitate the preparation of and trial of this case. Nothing herein shall prevent any attorney from conveying in a general way to a client in this litigation any information derived from Confidential Material in connection with prosecuting, defending, or settling this action, provided, however, that the attorney shall not disclose the specific contents of any such information which disclosure would be contrary to the terms of this Order.

12. Nothing herein shall be construed as an agreement or admission that any information, document, testimony or other items designated as Confidential Material is (a) in fact confidential or security-sensitive material; or (b) admissible, competent, relevant or material evidence. The parties reserve the right to make any and all objections as to the admissibility of the material produced subject to this Order. A party or a member of the general public shall not be obligated to challenge the propriety of a Confidential Material designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any

party to this litigation or a member of the general public disagrees at any point in these proceedings with the designation of any information as Confidential Material, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation shall advise in writing that the material should not be deemed confidential and may present a motion to the Court to resolve the dispute. The document shall continue to have such status unless and until such a motion is presented, and during the pendency of any such motion.

13. Within 120 days after the entry of a final order concluding this litigation, all Confidential Material shall, upon the producing party's request and at that party's expense, be destroyed or returned to the producing party, with the exception that counsel for the parties may maintain in their files all materials submitted or otherwise presented to the Court, deposition and trial transcripts, and work product (regardless of whether such materials contain or refer to Confidential Material). If the producing party requests the destruction of Confidential Material, the party destroying the material shall certify in writing to the producing party that the material has been destroyed.

14. All Discovery Material designated as Confidential Material shall remain confidential under the terms of this Order unless and until the parties agree to the removal of the designation or upon Court order.

15. Nothing herein shall be deemed to preclude any party or any member of the general public from seeking and obtaining modifications of this Order or relief from the application thereof.

IT IS SO ORDERED this 19th day of February, 2008.

*[signature]*
United States District Court Judge